STATE OF MAINE                          SUPERIOR COURT
WALDO, ss                               CIVIL ACTION
                                        DOCKET NO. CV-05-04

                                        *NI' - Li' - 2/20/06*

ELOISE ELWELL,

            Plaintiff                   ORDER ON DEFENDANTS'
v.                                      MOTION FOR SUMMARY
                                        JUDGMENT
MAINE SCHOOL
ADMINISTRATIVE DISTRICT
#3, et al.,

            Defendants


The defendants seek a summary judgment on all counts of the plaintiff's complaint. For the following reasons, the motion is GRANTED.

Statements of Material Facts:

1. Defendants' statement of material fact (SMF), paragraph 5 is supported by the record reference. The plaintiff's denial is incorrect. Defs.' SMF, ¶ 5; Pl.'s RSMF, ¶ 5.

2. Defendants" SMF, paragraph 6 is supported by the record references. The plaintiff's denial is incorrect. Defs.' SMF, ¶ 6; Pl.'s RSMF, ¶ 6.

3. Defendants' SMF, paragraph 10 is supported by the record references. The plaintiff's denial is not supported by a record reference. Defs.' SMF, ¶ 10; Pl.'s RSMF, ¶ 10; M.R. Civ. P. 56(h)(4).

4. Defendants' SMF, paragraph 15 is supported by the record reference. The plaintiff's denial is incorrect. Defs.' SMF, ¶ 15; Pl.'s RSMF, ¶ 15.

5. Defendants' SMF, paragraph 17 is supported by the record references. The plaintiff's denial is incorrect. Defs.' SMF, ¶ 17; Pl.'s RSMF, ¶ 17.

6. Defendants' SMF, paragraph 21 is supported by the record reference. The plaintiff's denial is incorrect. Defs.' SMF, ¶ 21; Pl.'s RSMF, ¶ 21.

7. Defendants' SMF, paragraph 25 is supported by the record reference. The plaintiff cites her own statement of fact as a record reference for her denial. To the extent that that is an appropriate record citation, the statement of fact she cites does not controvert defendants' statement. Defs.' SMF, ¶ 25; Pl.'s RSMF, ¶ 25.

8. Defendants' SMF, paragraph 28 is supported by the record reference, except the statement that Principal McDonald "confirmed that Plaintiff did, in fact, speak with students as had been reported to him." To the extent the plaintiff's citation to her own statements of fact is an appropriate record citation, the statements of fact she cites do not controvert the defendants' statement. Defs.' SMF, ¶ 28; Pl.'s RSMF, ¶ 28.

9. Defendants' SMF, paragraph 34 is supported by the record references. To the extent the plaintiff's citation to her own statements of fact is an appropriate record citation, the statements of fact she cites do not controvert the defendants' statement. Defs.' SMF, ¶ 34; Pl.'s RSMF, ¶ 34.

10. Defendants' statement, paragraph 35 is supported by the record reference. To the extent the plaintiff's citation to her own statements of fact is an appropriate record citation, the statements of fact she cites do not controvert the defendants' statement. Defs.' SMF, ¶ 35; Pl.'s RSMF, ¶ 35.

11. Defendants' statement, paragraph 37 is supported by the record reference. To the extent the plaintiff's citation to her own statements of fact is an appropriate record citation, the statements of fact she cites do not controvert the defendants' statement. Defs.' SMF, ¶ 37; Pl.'s RSMF, ¶ 37.

12. Defendants' statement, paragraph 38 is supported by the record reference. To the extent the plaintiff's citation to her own statements of fact is an appropriate record citation, the statements of fact she cites do not controvert the defendants' statement. Defs.' SMF, ¶ 38; Pl.'s RSMF, ¶ 38.

13. Defendants' statement, paragraph 39 is supported by the record reference. To the extent the plaintiff's citation to her own statements of fact is an appropriate record citation, the statements of fact she cites do not controvert the defendants' statement. Defs.' SMF, ¶ 39; Pl.'s RSMF, ¶ 39.

14. Defendants' statement, paragraph 40 is supported by the record references. To the extent the plaintiff's citation to her own statements of fact is an appropriate record citation, the statements of fact she cites do not controvert the defendants' statement. Defs.' SMF, ¶ 40; Pl.'s RSMF, ¶ 40.

15. Defendants' statement, paragraph 41 is supported by the record references. To the extent the plaintiff's citation to her own statements of fact is an appropriate record citation, the statements of fact she cites do not controvert the defendants' statement. Defs.' SMF, ¶ 41; Pl.'s RSMF, ¶ 41.

16. Defendants' statement, paragraph 42 is supported by the record references. To the extent the plaintiff's citation to her own statements of fact is an appropriate record citation, the statements of fact she cites do not controvert the defendants' statement. Defs.' SMF, ¶ 42; Pl.'s RSMF, ¶ 42.

Accordingly, each of the defendants' statements of fact is admitted, except for the portion of paragraph 28 noted. See M.R. Civ. P. 56(h)(4).

In addition to a "Reply Statement of Material Facts," the plaintiff filed an "Opposing Statement of Material Facts". Many of these facts are not additional facts contemplated by Rule 56. See M.R. Civ. P. 56((h)(2); Pl.'s OSMF, ¶¶ 1, 2, 3, 15, 21, 27.

The following statements of fact in the plaintiff's opposing statement of material facts are not supported by the record references: paragraphs 3, 4, 5, 7, 10, 11, 13, 33, 36, 38, 42, 49, 53. See M.R. Civ. P. 56(h)(2) & (4).

The record reference to "Elwell Deposition", a 100-page deposition, for paragraph 9 does not comply with the requirements of Rule 56. See M.R. Civ. P. 56(h)(4).

The record reference for paragraph 8 supports the statement that John Ludden called Ms. Elwell on the radio and directed her to bring her high school students directly to Mt. View. Pl.'s OSMF, ¶ 8.

The record reference for paragraph 12 supports the statement that historically if a bus driver had a complaint, the driver could tell the complainant to call the superintendent. Pl.'s OSMF, ¶ 12.

The record reference for paragraph 17 supports the statement that the superintendent did not consult with Mr. Ludden about anything to do with the plaintiff or any other termination. Pl.'s OSMF, ¶ 17.

The record reference for paragraph 28 supports the statement that Superintendent Lee told Principal McDonald that the plaintiff probably would be fired for this. Pl.'s OSMF, ¶ 28.

The record reference for paragraph 32 supports the statement that Mr. Ludden yelled at the plaintiff. Pl.'s OSMF, ¶ 32.

The record reference for paragraph 37 supports the statement that Principal McDonald did not maintain a log of complaints from parents. Pl.'s OSMF, ¶ 37.

The record reference for paragraph 43 supports the statement that Mr. Ludden called Cindy Ludden "a fuckin cunt." Pl.'s OSMF, ¶ 43.

The record reference for paragraph 44 is inadmissible hearsay. Pl.'s OSMF, ¶ 44.

The record reference for paragraph 46 supports the statement that Mr. Peavey received a verbal warning and the Superintendent was not sure if Mr. Peavey received a letter of warning. Pl.'s OSMF, ¶ 46.

## MERITS

### Count I

The plaintiff has failed to raise an issue of fact regarding any causal relationship between her complaints of a hostile work environment and her termination. See Doyle v. Dep't of Human Serv., 2003 ME 61, ¶ 20, 824 A.2d 48, 55-56.

### Count II

The plaintiff has failed to raise an issue of fact regarding whether she was discriminated against because of her gender. See Staughn v. Delta Airlines, Inc., 250 F.3d 23, 33-34 (1st Cir. 2001); Maine Human Rights Comm'n v. City of Auburn, 408 A.2d 1253, 1267-68 (Me. 1979).

The entry is

The Defendants' Motion for Summary Judgment is GRANTED.

Date: February 20, 2006

Nancy Mills
Justice, Superior Court

PLAINTIFF'S ATTORNEY IS:
 John Lemieux, Esq.
 PO BOX 120
 Gardiner, ME   04345-0120

DEFENDANTS' ATTORNEY IS:
 Melissa Hewey,Esq.
 PO Box 9781
 Portland, ME   04104-5081